UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 13 CR 328 |
| | ) | |
| v. | ) | Hon. Samuel Der-Yeghiayan |
| | ) | |
| ABDELLA AHMAD TOUNISI | ) | |

**Government's Memorandum of Points and Authorities**
**Regarding the Classified Information Procedures Act**

The United States, through its attorney, Gary S. Shapiro, United States Attorney for the Northern District of Illinois, respectfully submits this memorandum of law to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), to matters relating to classified information that may arise in connection with this case.

## I.     The Classified Information Procedures Act

Because this case involves classified material, the United States herein provides a summary of CIPA's pertinent provisions. CIPA "'is essentially a procedural tool' for a court to address the relevance of classified information before it may be introduced." *United States v. Abu Marzook,* 412 F.Supp.2d 913, 917-18 (N.D. Ill. 2006) (quoting *United States v. Dumeisi,* 424 F.3d 566, 578 (7th Cir. 2005)). The fundamental purpose of CIPA is "protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. O'Hara,* 301 F. 3d 563, 568 (7th Cir. 2002).

1

A.    **Pretrial Conferences, Protective Orders, and Discovery Under CIPA**

1.    **Pretrial Conferences**

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. After such a motion is filed, "or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." *Id.* The pretrial conference may be held with the government *in camera* and *ex parte.*

2.    **Protective Orders**

Section 3 of CIPA requires the Court, upon the request of the United States, to "issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case . . . ." 18 U.S.C. App. III § 3. The key Senate Report on CIPA, issued by the Senate Committee on the Judiciary, provides that the terms of a protective order may include, but need not be limited to, provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed: (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6)

2

authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823 at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299.

### 3.      Discovery of Classified Information by the Defendant

CIPA does not alter the government's discovery obligations, but rather provides a procedural mechanism to protect classified information, including classified sources and methods, while protecting a defendant's due process rights. Under Section 4, "[t]he court, upon a sufficient showing, may authorize the United States to:

(1)     delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure;

(2)     substitute a summary of the information for such classified documents; or

(3)     substitute a statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. III § 4.

As with the procedures in Fed. R. Crim. P. 16(d)(1), section 4 of CIPA provides that the United States may demonstrate the need for such alternatives through an *in camera*, *ex parte* submission to the Court. *See United States v. Rezaq*, 134 F.3d 1121, 1142 (C.A.D.C. 1998); *United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984); *Marzook*, 435 F.Supp. 2d. at 745. CIPA's legislative history makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted, or deferred. S. Rep. No. 96-823, at 6 (*reprinted in* 1980

U.S.C.C.A.N. 4294, 4299-4300); *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (holding that defendant's right to discovery must be balanced against public's interest in non-disclosure); *Pringle*, 751 F.2d at 427.

**B.     Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings**

There are three critical pretrial steps in the handling of classified information should the defendant reasonably expect to disclose or cause the disclosure of classified information.

First, pursuant to Section 5(a) of CIPA, the defendant must specify the precise classified information he reasonably expects to disclose or to cause the disclosure of "in any manner in connection with any trial or pretrial proceeding...." *See, e.g., United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984); *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).

Second, the Court, upon motion of the United States, shall hold a hearing pursuant to section 6(a) to determine the use, relevance, and admissibility of the proposed evidence. At the section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1] *Smith*, 780 F.2d at 1106; *see generally Yunis*, 867 F.2d at 622. The Court

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the *timing* of rulings concerning admissibility, so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord Smith*, 780 F.2d at 1106.

must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. *See Wilson*, 750 F.2d at 9. At the conclusion of the section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

Third, after the section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible. The Court must grant the motion for substitution "if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure. 18 U.S.C. App. III § 6(e)(1). In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information." *Id*. Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case. *Id*. at § 6(e).

**C.     Rules Governing Introduction of Classified Information**

In order to prevent "unnecessary disclosure" of classified information, CIPA section 8(b) permits the Court to order admission into evidence of only a part of a

writing, recording, or photograph. Alternatively, the Court may order into evidence the entire writing, recording, or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording, or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If a defendant reasonably expects that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under section 5 of the Act; section 8(c), in effect, serves as a supplement to the section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

**D. Security Procedures**

Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On January 15, 2011, Chief Justice Roberts promulgated revised security procedures.

Respectfully submitted,
GARY S. SHAPIRO
United States Attorney

By:    s/*William E. Ridgway*
WILLIAM E. RIDGWAY
BARRY JONAS
Assistant U.S. Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 469-6233

7