# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 CR 328 |
| | ) |
| ABDELLA TOUNISI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motion for a supplemental protective order to govern classified discovery. For the reasons stated below, the motion is granted.

## BACKGROUND

Defendant Abdella Ahmad Tounisi (Tounisi) has been charged in the instant action with providing material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B and with making materially false statements to a federal officer in a matter involving international terrorism in violation of 18 U.S.C. § 1001. On June 13, 2007, this court entered a protective order restricting the dissemination of certain discovery materials. The Government now moves for the

1

entry of a supplemental protective order to govern the handling of any classified material disclosed to defense counsel and to require Tounisi to have counsel who has passed a security clearance. Tounisi's counsel indicates that she does not object to pursuing a security clearance, but indicates that she objects to the disclosure procedures preventing her from disclosing classified information to her client. Tounisi has opposed the motion in part.

## DISCUSSION

The Government requests that the court adopt the following discovery procedure as to classified information. Defense counsel is allowed to review material on a classified laptop in a secure area established by the Court Information Security Officer. Defense counsel may identify particular items she believes Tounisi needs to review, and inform the Government of those items. If the requests are reasonable, the Government will then submit the items to the Federal Bureau of Investigations (FBI) for declassification review. If the FBI determines that particular items should not be declassified, or any other issue arises as to the items, the parties will address the issue with the court. If the FBI declassifies a requested item, a declassified version will be provided to defense counsel to share with Tounisi.

Tounisi contends that the Government's proposed procedure violates his Fifth and Sixth Amendment rights to effective representation, a fair and speedy trial, due process, and a meaningful participation in his defense. Tounisi seeks full access to

all discovery in this case, including at a minimum, his own statements. In the alternative Tounisi requests that the court order the Government to produce workable substitutions, redactions, or summaries of classified information as soon as practicable so as not to delay defense preparations.

The discovery procedures relating to classified information in a federal criminal case is governed by the Classified Information Procedures Act (CIPA), 18 U.S.C.App. § 1 *et seq.* CIPA was created "to help ensure that the intelligence agencies are subject to the rule of law and to help strengthen the enforcement of laws designed to protect both national security and civil liberties." *United States v. Sedaghaty*, 728 F.3d 885, 903-04 (9th Cir. 2013)(quoting S.Rep. No. 96–823, at 3 (1980))(stating that "CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence"). CIPA sets forth "procedures for handling classified information in criminal cases . . . so that district courts may rule on questions of admissibility involving classified information before introduction of the evidence in open court. . . ." *Id.* (quoting *United States v. Aref*, 533 F.3d 72, 78 (2nd Cir. 2008) and *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988)) (internal quotations omitted). In addition, CIPA authorizes the Government to request an *ex parte* hearing for the court to determine the relevancy of classified material. *United States v. Amawi*, 695 F.3d 457, 472 (6th Cir. 2012). The "precise conditions under which the defense may obtain access to discoverable information" that is classified is left to the "informed discretion of the district court." *In re Terrorist Bombings of U.S. Embassies in East*

*Africa*, 552 F.3d 93, 122 (2nd Cir. 2008).

In the instant action, the discovery procedure proposed by the Government is entirely consistent with the requirements set forth in CIPA. Although Tounisi seeks all discoverable information in this case, the Government has a compelling interest to keep classified information from being disclosed to individuals who have not obtained a proper security clearance. Although Tounisi contends that his right to a fair trial will be violated, CIPA was specifically created by Congress to ensure that procedures were utilized with classified information that would "not impair the defendant's right to a fair trial." *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005). CIPA was specifically created to "to harmonize a [criminal] defendant's right to obtain and present exculpatory material . . . with the government's need "'to withhold information from discovery when disclosure would be inimical to national security." *East Africa*, 552 F.3d at 115-16. The Government has a recognized interest to require "that individuals seeking access to classified material establish their trustworthiness by obtaining a security clearance . . . ." *Id.* The procedure set forth by the Government enables Tounisi's counsel, once she has a security clearance, to review classified information.

Tounisi's constitutional rights will be adequately protected under the procedures set forth in the Government's proposed supplemental protective order to govern classified discovery. Tounisi's counsel may prepare a defense with full access to the relevant and discoverable classified materials once she obtains a security clearance. As to Tounisi's claims that his constitutional rights are somehow

4

violated because of his counsel's inability to share classified information with him, Tounisi presents only general arguments and fails to offer any tangible and material impairments to his ability to prepare a defense. Tounisi's counsel fails to point to any specific evidence or instance where Tounisi's constitutional rights might be violated due to the procedure set forth in the Government's proposed supplemental protective order. The position advocated by Tounisi to personally have access to classified information, would mean that classified information in a prosecution would have to be made public. The Government's interest in protecting national security does not evaporate simply because a defendant allegedly involved with terrorism insists on having personal access to classified information without having the necessary security clearance. Nor does the Government have to compromise national security in order to prosecute an accused terrorist. CIPA has created rules and procedures to ensure that both Tounisi's interests and the Government's interests are balanced and protected.

Tounisi also makes allegations against the Government, claiming that the Government is not acting in good faith in deciding whether to declassify certain information and is purposefully not declassifying information to impair Tounisi's ability to prepare his defense. However, Tounisi offers nothing more than his counsel's baseless speculation in regard to the declassification of information. Tounisi has not shown that the Government has acted improperly or in bad faith in making declassification determinations relating to this case. To the extent that Tounisi's counsel seeks to have classified evidence shared with Tounisi in an altered

form such as in a redacted form or summary form, no classified information relating to national security, in any form, can be disclosed to Tounisi or to the public. The Government's proposed supplemental protective order is consistent with CIPA and Tounisi has not shown that the supplemental protective order to govern procedures relating to classified discovery is contrary to federal law or would violate any of Tounisi's constitutional rights. Therefore, the Government's motion for a supplemental protective order to govern classified discovery is granted.

## CONCLUSION

Based on the foregoing analysis, the Government's motion for a supplemental protective order to govern classified discovery is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 30, 2013