IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 CR 328 |
| v. | ) | |
| | ) | Hon. Samuel Der-Yeghiayan |
| ABDELLA TOUNISI, | ) | |
| Defendant. | ) | |

## **MOTION TO SET BOND AND CONDITIONS OF RELEASE**

Now comes the Defendant, Abdella Tounisi, by and through his attorneys, Molly Armour, Patrick Blegen, and Lisa Wood, and pursuant to 18 U.S.C. § 3142 moves the Court to give set conditions for his pretrial release. In support of this motion, Defendant Tounisi states the following:

1. In the instant matter, Abdella Tounisi, a 20-year old young man, is charged with two counts – material support for terrorism (18 U.S.C. § 2339B(a)(1)) and making false statements (18 U.S.C. § 1001(a)(2)).

2. Abdella was arrested on April 19, 2013 at O'Hare airport while attempting to board a plane to Istanbul, Turkey. He has been detained ever since.

3. At his initial appearance on May 2, 2013, Magistrate Judge Daniel Martin, agreeing with the recommendation of the U.S. Pretrial Services Office, granted Abdella Tounisi a recognizance bond, with his father acting as third-party custodian. Dkt. 13, 29, 30.

4. The Government appealed and the presiding emergency district court judge reversed the release order. Dkt. 11, 12. In doing so, the court found the statutory presumption rebutted by the strong familial and community

support for Abdella and his lack of any criminal history or substance abuse issues.  Dkt. 12, at 3.

5.      During these hearings, Mr. Tounisi had offered his father as third-party custodian.  The Government raised the issue of his alleged failure to listen to his parents as a rationale for not releasing him to his father's care.

6.      There is now a changed circumstance—Abdella offers two new third-custodians:  Khalid and Maha Siddiqui.  The Siddiquis are close friends of the Tounisi family, and Mrs. Siddiqui has known Abdella since he was six months old.  Mr. Siddiqui is a very successful businessman and a strict disciplinarian.  Mrs. Siddiqui is a stay-at-home mother who would be present daily to supervise Abdella.  The Siddiquis have raised three children—21, 19, and 14 years of age—with strong house rules.  Abdella has a close relationship with the family and deeply respects the Siddiquis.  The family has a bedroom in their house for Abdella to stay and would welcome him with open arms.  Both Khalid and Maha Siddiqui would prove vigilant third-party custodians.

7.      Much has happened since Mr. Tounisi was taken into custody on this matter.  His mother gave birth to a new baby, his sister married, and his family moved homes.  Before his arrest, Abdella helped his mother with childcare and the long-term hope is that he would eventually be able to resume such responsibilities.  He also hopes to work and return to college.  As a business owner, Mr. Siddiqui would be able to offer Abdella a job, if the Court were amenable to such a condition.

8.      While incarcerated on pretrial detention, Mr. Tounisi has endeavored to make the best of his time.  In addition to studiously reviewing his

discovery, Mr. Tounisi completed a parenting class. His time at the Metropolitan Correctional Center over the past year and a half has been a sobering experience for such a young man with no criminal background. He has matured substantially in that time, as one would expect for most young men transitioning from teenage mentality to adulthood. This maturation was certainly further accelerated by confinement.

9. The government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985). To justify detention based on the defendant's alleged dangerousness, the government must establish "by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community." *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). On the other hand, to justify detention based on a risk of flight, it must be established by a preponderance of the evidence that no set of conditions will reasonably assure the defendant's appearance in court at the required times. *Id.* at 765. A finding of either danger to the community or a flight risk is sufficient to detain a defendant awaiting trial; a court need not find both to detain a defendant under the Bail Reform Act. *Daniels,* 772 F.2d at 383.

10. Because of the charges, this is a presumption case. "[T]he presumption shifts the burden of production but not of persuasion to the defendants." *Portes*, 786 F.at 764. The presumption can be rebutted "when the defendant meets a 'burden of production' by coming forward with some evidence that he will not flee or endanger the community if released." *Id.* (quoting *United States v. Dominiguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

11.     In determining whether to grant detention, the Court must consider the factors enumerated in 18 U.S.C. §3142(g).  The first such factor is the nature and circumstances of the offense.  While Mr. Tounisi faces very serious charges, his potential overseas travel involved no immediate threat to our community.

12.     Other factors listed in 18 U.S.C. §3142(g) strongly weigh in Mr. Tounisi's favor.  He has extremely close family ties and a committed support system, including the Siddiquis.  He comes from a working family who are dedicated to see Mr. Tounisi on the right path.  And, Mr. Tounisi is devoted to his family and network in turn.  This dedication renders him extremely unlikely that he would do anything to jeopardize those close to him, who have already endured the public ordeal and great shame of his arrest on terrorism charges.

13.     Abdella has lived in the Chicagoland area since he was one year old and has deep ties here.  He is blessed with abundant community support—an amazing tribute to his character given the taboo and fear that the specter of terrorism raises in the Arab and Muslim community.

14.     He has no criminal background and likewise has no history of failing to appear.  This Court can take note of his quiet, compliant, and respectful demeanor at each of our status hearings.  Moreover, Mr. Tounisi has no problematic history with drugs or alcohol; he freely submitted to a drug test upon his arrest and was negative for all illicit substances.

15.     Abdella Tounisi has no independent financial resources and would gladly surrender his passport.  Functionally speaking, upon release Abdella will likely be under constant surveillance and it is improbable that authorities would ever permit him to board a plane.

16.	As for his physical health, while incarcerated Abdella has had ongoing problems with his shoulder and has been unable to sufficiently ameliorate the pain and underlying issue.  Ready access to the necessary medical care can only be accomplished by release.

17.	Lastly, Mr. Tounisi's age also weighs in his favor.  As a young man he is in a pivotal developmental stage.  He faces a maximum sentence of twenty-three years of incarceration.  Regardless of this case's outcome, it would be deeply beneficial for both him and the community to which he will eventually return to experience positive role models and healthy life choices during a time period when it will have the greatest impact.

18.	Based on a consideration of these factors, Abdella Tounisi asks the Court to release him under the following conditions:  1) maintain residence with Khalid and Maha Siddiqui on home confinement; 2) report to Pretrial Services as directed; 3) refrain from using or possessing a firearm or dangerous weapon; 4) maintain or actively seek employment; 5) refrain from using illegal drugs and alcohol; and 6) submit to drug testing.

WHEREFORE, Mr. Tounisi prays that this Court grant him bond based on the conditions above or such other conditions as the Court believes should be imposed.

Respectfully submitted,

s/ Molly Armour
MOLLY ARMOUR
One of the Attorneys for
Abdella Tounisi

Law Office of Molly Armour
4050 N. Lincoln Avenue
Chicago, IL 60618
(773) 746-4849
armourdefender@gmail.com

Patrick Blegen
Lisa Wood
Blegen & Garvey
53 W. Jackson Boulevard, Suite 1437
Chicago, IL 60604
(312) 957-0100

## CERTIFICATE OF SERVICE

_____

Molly Armour, an attorney for the Defendant Abdella Tounisi, hereby certifies that this **MOTION TO SET BOND AND CONDITIONS OF RELEASE** was served on all parties on November 17, 2014, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

 s/  Molly Armour
Molly Armour

Law Office of Molly Armour
4050 N. Lincoln Avenue
Chicago, IL 60618
(773) 746-4849