UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13 CR 328 |
| v. | ) | |
| | ) | Judge Samuel Der-Yeghiayan |
| ABDELLA TOUNISI | ) | |

## GOVERNMENT'S RECOMMENDED
## CONDITIONS OF SUPERVISED RELEASE

The government recommends the following conditions of supervised release:

**Mandatory Conditions**

- The defendant shall not commit another federal, state or local offense. *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(1).

- The defendant shall not unlawfully possess a controlled substance. *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(2).

- The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by U.S. Probation Office, not to exceed 104 tests per year. *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(4).

- The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a). *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(8).

**Discretionary Conditions to Promote Respect for the Law and Deter the Defendant from Committing Future Crimes**

- The defendant shall not leave the judicial district in which the defendant is being supervised without the permission of the court or the probation officer. *See* Guideline § 5D1.3(c)(1).

- The defendant shall report to the probation officer as directed by the probation officer. *See* Guideline § 5D1.3(c)(2).

- The defendant shall follow the instructions of the probation officer. *See* Guideline § 5D1.3(c)(3).

- The defendant shall notify the probation officer of any change in residence, employer, or workplace within 72 hours. *See* Guideline § 5D1.3(c)(6).

- The defendant shall seek, and work conscientiously, at lawful employment or pursue conscientiously a course of study or vocational training that will equip the defendant for employment or enroll in an accredited college. *See* Guideline § 5D1.3(c)(7) (modified).

- The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity. *See* Guideline § 5D1.3(c)(9).

- The defendant shall provide the probation officer with copies of the defendant's telephone bills, all credit card statements/receipts, and any other financial information requested.

- The defendant shall permit the probation officer to visit the defendant at home or work at any reasonable time, and to confiscate any contraband in plain view of the officer. *See* Guideline § 5D1.3(c)(10).

- The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. *See* Guideline § 5D1.3(c)(11).

- The defendant shall pay the special assessment and any fine imposed that remains unpaid at the commencement of the term of supervised release. The defendant's monthly payment schedule shall be an amount that is at least ten percent of his net monthly income. *See* Guideline § 5D1.3(c)(14) (modified).

- The defendant shall provide the probation officer with access to any requested financial information. *See* Guideline § 5D1.3(d)(3).

**Offense Specific Conditions to Insure Compliance with the Conditions of Supervised Release and to Prevent the Defendant from Attempting to Re-Engage in the Offense Conduct**

The following conditions are recommended based upon the defendant's conduct leading up to the offense:

- In addition to the special condition of supervised release set forth in page 21, paragraph 3 of the Pre-Sentence Report, defendant shall complete up to 75 hours of community service per year as directed by the Probation Office. The government recommends that the community service include community

outreach regarding the defendant's experiences that resulted in his prosecution and conviction.

- Informing the Probation Office prior to: (1) purchasing a cellular phone or any device that can access the internet; and (2) creating new online accounts including email, social media, instant messaging, chat accounts or services.

- Allowing Probation Officers to search (including but not limited to a forensic examination), and capture evidence of violations from, any communication devices (*e.g.*, phones, tablets, computers or devices with internet access or communication capabilities), email accounts, social media accounts or electronic communication accounts within the possession, custody or control of defendant. Any search must be conducted at a reasonable time.

- Refraining from knowingly communicating in any manner with any persons who are located outside the United States without the prior approval of the United States Probation Office, except that this approval requirement will not apply for communication with family members or other individuals whose identity has been previously verified by the Probation Office.

- Refraining from knowingly communicating in any manner with any persons who are, or claim to be, associated with a designated foreign terrorist organization, as defined in 8 U.S.C. § 1189, or who are, or claim to be, involved with acts of violence, or advocating for acts of violence.

**Discretionary Conditions to Ensure Safety to Others**

- Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon. *See* 18 U.S.C. § 922(g); *See* Guideline § 5D1.3(d)(1).


Respectfully submitted,

JOEL R. LEVIN
Acting United States Attorney

By:   /s/ *Barry Jonas*
BARRY JONAS
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300