**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 CR 328 |
| | ) | Judge Samuel Der-Yeghiayan |
| ABDELLA TOUNISI | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENSE OBJECTIONS TO GOVERNMENT'S
PROPOSED CONDITIONS OF SUPERVISED RELEASE**

Pursuant to this Court's order of June 28, 2017, the defense has reviewed the government's

proposed conditions of supervised release (docket #85). The defense has  the following objections:

1.     The government has proposed the following condition:

> The defendant shall permit the probation officer to visit the defendant at home or work at any reasonable time, and to confiscate any contraband in plain view of the officer.

The defense requests that the condition of  probation visits at "work" be removed. Counsel

believe that visits at work may make it difficult for Defendant to obtain and maintain

employment following his release from prison.[1] The probation department has also requested that

visits be permitted at  "other reasonable location[s] specified by a probation officer."  The defense

does not object to this language and suggests that with the addition of a time constraint, for

example setting forth that Defendant shall allow visits at a reasonable location specified by

probation within a reasonable time period, the same goal as work visits can be accomplished

without jeopardizing Defendant's future ability to support himself.

---

[1] The defense has objected to a similar provision regarding visits at "school" proposed by the probation department.

2.      The government has proposed the following condition:

Allowing Probation Officers to search (including but not limited to a forensic examination), and capture evidence of violations from, any communication devices (*e.g.*, phones, tablets, computers or devices with internet access or communication capabilities), email accounts, social media accounts or electronic communication accounts within the possession, custody or control of defendant. Any search must be conducted at a reasonable time.

Again, in order to preserve as best as possible Defendant's ability to obtain and maintain employment in the future, the defense requests that this condition exclude "work" communication devices, email accounts, etc.  As written, this condition would require Defendant to permit the search and forensic examination of a future employer's property – a precondition to employment that would likely result in him not being hired in the first place.

The defense requests that this limitation, meaning the exclusion of "work" computers, also be applied to special condition 9 (requiring computer monitoring software to be installed on all computers to which Defendant has access) proposed by the probation department. The defense believes other conditions and circumstances would be sufficient to achieve the same goals as the installation of monitoring software on work computers.

For example, Defendant would still be required, pursuant to special condition 9, to obtain the probation officer's approval prior to use of a work computer with access to the internet.  So the probation officer would be aware of any use of a work computer by Defendant.  In addition, a work computer would not be Defendant's property, but the property of an employer, who could, of course review Defendant's search history, etc. at its whim.  Defendant would also have no ability to object if an employer decided to reveal the contents of a work computer to the probation officer or other government officials.  *See*, *e.g.*, *Muick v. Glenayre Electronics*, 280 F.3d 731 (7th Cir. 2002).  Under these circumstances, requiring that monitoring software be installed on a work computer is unnecessary and creates a significant risk that Defendant will not be able to obtain

2

employment, or would significantly limit his employment options during supervised release.

Respectfully submitted,

**s/Patrick W. Blegen**
**PATRICK W. BLEGEN**, One of the
attorneys for Defendant, Abdella Tounisi.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100