## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13-cr-00328 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| ABDELLA TOUNISI | ) | |

## ORDER

Defendant's motions for compassionate release [111], [122] are denied. In addition, his motion to seal sensitive documents [120] is granted and his motion for request for judicial notice [116] is denied as moot. See the accompanying Statement for details.

## STATEMENT

Defendant Abdella Tounisi is serving a 180-month sentence for attempting to provide material support—namely, personnel—to a foreign terrorist organization. Tounsi has filed two motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), both of which contend that his health condition puts him at risk of severe illness if he were to contract COVID-19 in the prison environment. (Dkt. No. 111, 122.) For the reasons that follow, Tounisi's motions are denied.

## I.

On August 8, 2015, Tounsi pleaded guilty to one count of attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). As acknowledged in his plea agreement, on April 19, 2013, Tounsi went to Chicago's O'Hare International Airport and attempted to board a flight to Istanbul, Turkey. (Plea Agreement ¶ 6, Dkt. No. 64.) From Istanbul, Tounsi planned to travel to Syria with the purpose of joining and fighting with Jabhat al-Nusrah, an organization that he knew had been designated by the U.S. Secretary of State as a foreign terrorist organization. (*Id.*) However, Tounsi was arrested before he could board his flight. (*Id.*)

Following his guilty plea, Tounsi was sentenced to 180 months' imprisonment. Currently, Tounsi is incarcerated at Terre Haute FCI, and his projected release date is January 29, 2026. Tounsi now seeks a reduction of his sentence to time-served, as he claims that he is at heightened risk for severe illness from COVID-19. In particular, Tounsi cites his psoriasis, psoriatic arthritis, ankylosing spondylitis, breathing difficulties, and immuno-compromised status as risk factors.

**II.**

Once a federal district court imposes its sentence, the sentence may not be modified except in the narrow circumstances set forth in 18 U.S.C. § 3582(c). *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). Relevant here, under 18 U.S.C. § 3582(c)(1)(A)(i):

> [T]he court, upon motion of the director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

That section reflects an amendment through the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "to allow defendants to petition courts directly for compassionate release the earlier of either fully exhausting" all administrative rights to appeal the Bureau of Prisons' failure to bring a motion for compassionate release on the defendant's behalf or 30 days after the facility warden has received a defendant's request for compassionate release. *United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *1 (N.D. Ill. Apr. 3, 2020). Because the Government acknowledges that Tounisi has exhausted his administrative remedies, the Court proceeds to the merits of his request for compassionate release.

A sentence reduction under § 3582(c)(1)(A)(i) may only be granted when supported by "extraordinary and compelling reasons." The statute does not define what constitutes "extraordinary and compelling reasons," but instead states that the sentence must comply with "applicable policy statements issued by the Sentencing Commission" and "directs the Sentencing Commission to promulgate 'the criteria to be applied and a list of specific' extraordinary and compelling examples." *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (quoting 18 U.S.C § 3582(c)(1)(A); 28 U.S.C. § 994(t)). Those criteria are set forth in USSG § 1B1.13. *Id.* On November 1, 2023, the Sentencing Commission's amendments to USSG § 1B1.13 covering prisoner-initiated motions for compassionate release went into effect. *United States v. Colon*, No. 18-cr-00675, 2023 WL 8451809, at *1 (N.D. Ill. Dec. 6, 2023). Relevant here, an extraordinary and compelling reason for release exists when the following conditions are present:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at

2

increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)     such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Before vaccines became widely available, many defendants were able to obtain compassionate release due to the COVID-19 pandemic by showing extraordinary and compelling circumstances based on their increased risk of suffering severe illness should they contract the virus. Section § 1B1.13(b)(1)(D) recognizes that, in certain circumstances, an inmate's vulnerability to an ongoing outbreak of infectious disease or public health emergency can constitute an extraordinary and compelling reason for compassionate release. Shortly after COVID-19 vaccines became widely available, however, the Seventh Circuit held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Only where "[a] prisoner can show that he is unable to receive or benefit from a vaccine" will he be able to make a case for compassionate release pursuant to the First Step Act. *Id.* Tounisi recognizes this Seventh Circuit precedent and further acknowledges that he has been vaccinated but argues that his use of Humira, an immunosuppressant, renders him unable to benefit fully from the COVID-19 vaccine. Further, Tounisi comes forward with no evidence or any other medical opinion demonstrating that his use of Humira cancels out the benefits of the COVID-19 vaccine. Thus, the Court finds that Tounisi's potential exposure to COVID-19 is not an extraordinary and compelling reason for his compassionate release.

Even if Tounisi had presented extraordinary and compelling reasons, his request would still fail based on the Court's review of the factors under 18 U.S.C. § 3553(a). In attempting to join what he knew was a designated foreign terrorist organization, Tounisi committed an extremely serious crime. Notably, Tounisi persisted in his efforts even after his own parents tried to stop him by confiscating his passport. Given Tounisi's desire to further Jabhat al-Nusrah's terrorist activities, his sentence reflects a substantial need to protect the public. The Court observes that nowhere in his submissions does Tounisi renounce his previous sympathies to Jabhat al-Nusrah and, at points, he seems to deny engaging in the conduct to which he pleaded guilty. (*See* Def.'s Reply in Supp. of Mot. for Compassionate Release at 44–46, Dkt. No. 120.) Thus, consideration of the § 3553(a) factors provide an additional, independent basis for this Court to conclude that Tounisi must serve the remainder of his sentence.

3

**III.**

In sum, a reduction of Tounisi's sentence is not warranted by extraordinary and compelling reasons nor is it supported by the § 3553(a) factors. Therefore, Tounisi's motions for compassionate release are denied.

Dated: January 30, 2024

_____
Andrea R. Wood
United States District Judge