---

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

---

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2024*
Decided July 25, 2024

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 24-1283

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> ABDELLA A. TOUNISI, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 13-cr-00328 <br><br> Andrea R. Wood, <br> *Judge.* |

**O R D E R**

Abdella Tounisi, a federal prisoner, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because the district court did not abuse its discretion, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 24-1283                                                                          Page 2

Tounisi planned to travel to Syria to join Jabhat al-Nusrah, a militant terrorist group associated with al-Qaeda, but federal agents arrested him at the airport gate. He is serving a 180-month sentence in prison after pleading guilty in 2015 to one count of knowingly attempting to provide material support to a foreign terrorist organization. *See* 18 U.S.C. § 2339B(a)(1).

Tounisi moved for compassionate release in August 2022 based on medical concerns and, in October 2023, he submitted an "emergency request" that essentially supplemented his pending motion. He argued that his immuno-compromised status (caused by a prescription medication) and his health conditions (including psoriasis, psoriatic arthritis, asthma, and GERD) placed him at risk of severe illness were he to contract COVID-19 in prison. He also outlined a plan for his release whereby he would move in with his parents and quarantine to keep himself safe from the virus.

The government responded that Tounisi was already being treated for his medical conditions and that he had not demonstrated that he was particularly vulnerable to serious complications from COVID-19. In any case, the government argued, early release would be unwarranted considering the seriousness of Tounisi's crime. Tounisi replied that his conduct had resulted not from a desire to support terrorism per se but from a youthful, misguided willingness to "help those in need" abroad, so his release would not compromise public safety.

The district court denied compassionate release. It explained that Tounisi had been vaccinated against COVID-19, so his risk of contracting the illness was not an extraordinary and compelling reason for release. Further, Tounisi did not provide any evidence that his use of an immunosuppressive drug rendered the COVID-19 vaccine less effective. In any case, explained the court, the gravity of Tounisi's crime and the substantial need to protect the public weighed against early release. In so concluding, the court expressed concern that Tounisi seemed not to renounce fully his previous sympathies with the terrorist group and that, in his reply brief, he seemed to minimize his criminal conduct.

On appeal, Tounisi asserts that the district court should have considered the effects of his underlying health conditions cumulatively and in the context of his asserted immunodeficiency. But even if the district court had done so, his motion would fail. The court provided an independent and sufficient reason to deny his request. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) ("[J]ust one good reason for denying a compassionate-release motion suffices."). Specifically, it explained that the sentencing factors under 18 U.S.C. § 3553(a) cautioned against releasing him early.

No. 24-1283                                                                  Page 3

Tounisi says that the court mis-weighed the factors by failing to adequately consider his medical predicament and acceptance of responsibility, and he insists that the years he has spent in prison, alongside his release plans and good behavior while incarcerated, are enough to warrant a reduced sentence. But disputing how the district court weighed the factors is a losing battle, *see Rucker*, 27 F.4th at 563; unless the court abused its considerable discretion, we will not reverse a denial of compassionate release. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Here, the district court determined that the § 3553(a) factors—especially the severity of Tounisi's crime and need to protect the public—did not favor early release, and that rationale suffices to support the denial of relief.

AFFIRMED